UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| M.J. ELECTRIC, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3218 |
| TSG NEW ORLEANS, LLC | * | SECTION "E" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff M.J. Electric, LLC's Second Motion to Compel.  ECF No. 41.  Defendant TSG New Orleans, LLC filed an Opposition, and M.J. Electric filed a Reply.  ECF Nos. 45, 46.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Second Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.  **BACKGROUND**

Prime contractor Innovative Emergency Management ("IEM") contracted with the Government of Puerto Rico to assist with the repair, reconstruction and/or relocation of families damaged by hurricanes.  ECF No. 41-1 at 1.  IEM subcontracted with Defendant TSG New Orleans, LLC ("TSG") to provide a portion of those services, and TSG in turn subcontracted with Plaintiff M.J. Electric, LLC ("M.J. Electric") to perform inspection services.  *Id.*

M.J. Electric has filed this breach of contract action alleging that TSG failed to pay it for subcontracted services.  *Id.*  TSG denied the material allegations and raised twenty-three affirmative defenses including M.J. Electric's prior material breach.  ECF No. 26.

1

M.J. Electric issued Interrogatories and Requests for Production to TSG on July 3, 2024. ECF No. 35-1 at 1; *see also* ECF No. 35-2. After four extensions, TSG responded on September 20, 2024. ECF Nos. 35-3; 35-4. M.J. Electric then filed a Motion to Compel. ECF Nos. 35, 36, 38. The Court held a hearing on November 6, 2024, after which the Court granted in part and denied in part the motion. ECF No. 40. The Court specifically ordered TSG to provide supplemental responses and produce responsive documents, or specify a firm date for delivery of same, within 14 days of this Order (i.e., by November 20, 2024). *Id.*

**II.    THE PENDING MOTION**

M.J. Electric files this Second Motion to Compel in which it asserts that TSG has failed to sufficiently respond, interposed new and inappropriate relevancy objections, and has failed to provide electronically stored information ("ESI") from a recovered laptop and custodian Jose Mojena's emails, as discussed at the hearing. ECF No. 41. TSG produced additional documents and supplemental responses by the November 20, 2024, deadline. ECF No. 41-1 at 4. With regard to the laptop, however, TSG notified M.J. Electric that it was inoperable and had sent same to a third-party vendor, and would endeavor to have any recovered responsive documents produced by December 11, 2024. *Id.* Plaintiff asserts that, to date, TSG has not provided any of the ESI or otherwise provided an update on the efforts to recover same. *Id.*

M.J. Electric also contends that, in its supplemental responses (particularly as to Interrogatory No. 12 and Requests for Production Nos. 5, 6, 8 and 13), TSG withdrew its commitment to produce relevant documents and instead urged relevancy objections to the information sought. *Id.* at 4-5. M.J. Electric contends that information regarding payments from IEM to TSG is not only relevant to its claim because TSG could not have submitted (and received payment) for M.J. Electric's work if M.J. Electric invoiced for unsupported or unapproved

2

expenses, as alleged by TSG, but is also relevant to TSG's asserted defense and to the categories of damages to which M.J. Electric may be entitled. *Id.* at 5-7, 10-11. M.J. Electric also objects to TSG's continued assertion of ambiguous "harassing" objections despite this Court's admonition. *Id.* at 7.

In Opposition, TSG argues that the discovery requests at issue all seek information relating to payments it received from IEM related to the R3 Program, but nothing between it and IEM is relevant because the contract between the parties explicitly states that M.J. Electric is not bound by any terms of the prime contract. ECF No. 45 at 1-4, 7. TSG also argues there is no need for an order compelling it to produce any documents recoverable from the laptop because it is already engaged in efforts to produce same and has continued to update counsel on its efforts, most recently advising that responsive information would be available on January 8, 2025, and in fact produced documents from a custodian on January 2, 2025. *Id.* at 2, 6. TSG contends that the requested discovery seeking all documents between IEM and TSG is disproportionate to the needs of the case and are cumulative and duplicative. *Id.* at 8-9.

In Reply, M.J. Electric argues that TSG's untimely Opposition should not be considered, and the Court has ordered TSG to produce documents but it failed to do so. ECF No. 46 at 1.[1] It then reiterates its prior arguments, noting that the IEM contract with TSG requires TSG to certify that the costs invoiced are accurate and allowable; thus, if TSG invoiced for M.J. Electric's costs, it cannot now inconsistently assert that same are not accurate or allowable. *Id.* at 2-4.

---

[1] TSG has filed a Motion for Leave to explain that the untimely Opposition resulted from counsel's miscalculation error. ECF No. 47. The Court has considered the untimely Opposition and thus denies the motion for leave as moot.

3

## III. APPLICABLE LAW

### A. The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[2]

Information need not be admissible into evidence to be discoverable.[3] Rather, the information merely needs to be *proportional* and *relevant* to any claim or defense.[4]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissible evidence at the trial stage.[5] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[6] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7] If relevance is in doubt, a court should allow discovery.[8] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[10] discovery does have "ultimate and necessary

---

[2] FED. R. CIV. P. 26(b)(1).
[3] *Id.*
[4] *Id.*
[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[6] *Id.* (brackets and citations omitted).
[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[9] *Rangel*, 274 F.R.D. at 590 n.5 (quoting *In re Gateway Eng'rs, Inc.*, No. 09-209, 2009 WL 3296625, at *2 (W.D. Pa. Oct. 9, 2009)).
[10] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).

boundaries."[11] The parties and the court have a collective responsibility to ensure that discovery is proportional, and Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[12]

The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[13]  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[14]

### B. Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[15] Likewise, a party responding to Requests for Production must produce responsive documents within that party's actual or constructive

---

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[12] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[13] FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.
[14] *Id.*
[15] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citing 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).

possession, custody or control, which production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 34(a)(1), (b)(2)(B).[16]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[17] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[18] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[19] Likewise, for each request for production, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason. FED. R. CIV. P. 34(b)(2)(B). Any objections "must state whether any responsive materials are being withheld on the basis of that objection," and if the responding party objects, it must specify the objectionable part and permit inspection of the

---

[16] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[17] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[18] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).
[19] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (citation omitted) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.").

rest. *Id.* at 34(b)(2)(C). Objections interposed without also clearly indicating whether any document or information is being withheld are improper.[20]

## IV.    ANALYSIS

Initially, while Rule 26(e) imposes an obligation to supplement responses,[21] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[22] Rather, the purpose of this rule is to prevent prejudice and surprise.[23] Accordingly, the obligation to supplement does not excuse untimely discovery responses. Further, Rule 34 requires that the production be completed no later than the time for inspection specified in the request or another reasonable time specified in the response. FED. R. CIV. P. 34(b)(1)(B). Given that that requests were issued six months ago and certain information has still not been provided, TSG has failed to comply with the obligation to provide a timely response.

### A.    Particular Requests

The discovery requests, responses and supplemental responses (ECF Nos. 41-2, 41-3, 41-4) at issue read:

INTERROGATORY NO. 12:

Please Identify all payments that You have received related to the R3 Program related to MJ Electric's work.

RESPONSE TO INTERROGATORY NO. 12:

TSG objects to this Request because it seeks information already in MJE's possession, and on that basis is unduly burdensome. TSG further objects to this Request as premature because discovery is ongoing. TSG further objects that this Request is vague, overly broad, disproportionate to the scope of MJE's claims, harassing, and vexatious. Subject to these objections and the foregoing General Objections, TSG will produce

---

[20] *Chevron Midstream Pipelines*, 2015 WL 269051, at *4.
[21] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).
[22] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).
[23] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

> Documents evidencing payments TSG received under the R3 Program for work performed during the term of its agreement with MJE.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:</u>

> TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case. MJE pursues claims of breach of contract related to alleged nonpayment of invoices issued from MJE to TSG under Standard Contract Agreements dated December 17, 2019 and March 12, 2020. The Terms and Conditions of these Standard Contract Agreements state "Contractor is not bound by any terms found in the Company's prime agreement with IEM, who the Company has an agreement with to perform this work." TSG_00006-8. Thus, MJE's claims do not depend in any way on payments that TSG received related to the R3 Program related to MJ Electric's work.

Initially, this interrogatory does not seek information regarding all payments that TSG received related to the R3 Program; rather, it seeks information regarding R3 Program payments *related only to MJ Electric's work*. This request does not capture information related to TSG's own work or work of other subcontractors.

The Court agrees with M.J. Electric's contention that TSG's certifications that invoices based on M.J. Electric's invoices were accurate and allowed is directly relevant not only to Plaintiff's claim but to TSG's defense that M.J. Electric's invoices were not accurate and allowed. Moreover, while the parties do not address the substantive law applicable to the breach of contract claim, Louisiana law provides for civil penalties against a contractor who receives payment from an owner but fails to remit that payment to a subcontractor.[24] Thus, payments to TSG are also relevant to potential damages.

TSG has not established that the evidence sought could have no conceivable relevance to any pending claim or defense. Rather, the discovery bears on pending claims, damages, and defenses. Accordingly, TSG's relevance objection is OVERRULED and TSG is ORDERED to provide a full and complete response to Interrogatory No. 12 within 7 days.

---

[24] LA. REV. STAT. § 9:2784.

REQUEST FOR PRODUCTION NO. 5:

Please produce any contracts between You and IEM related to the R3 Program, including any changes orders, amendments, or other modifications to any contracts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case generally or to issues of class certification specifically. TSG further objects to this Request because it is vague, overly broad, unduly burdensome, harassing, and vexatious. TSG further objects because this Request calls for public information equally available to all parties to this action. Subject to these objections and the foregoing General Objections, TSG will produce non-privileged Documents consistent with this Request, pending the parties' agreement to search terms, custodians, and an electronic discovery protocol.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case. MJE pursues claims of breach of contract related to alleged nonpayment of invoices issued from MJE to TSG under Standard Contract Agreements dated December 17, 2019 and March 12, 2020. The Terms and Conditions of these Standard Contract Agreements state "Contractor is not bound by any terms found in the Company's prime agreement with IEM, who the Company has an agreement with to perform this work." TSG_00006-8. Thus, such claims do not depend in any way on any contracts between TSG and IEM related to the R3 Program, including any changes orders, amendments, or other modifications to any contracts.

M.J. Electric's request for a copy of the prime contract, change orders and amendments must be modified because it is overbroad as drafted and seeks information that has no conceivable relevance to any claim or defense.

To the extent the amendments, change orders or other modifications have no relation to the work M.J. Electric performed or TSG's request or receipt of payment from IEM relating to same, the information is neither relevant nor proportional to the needs of the case. However, to the extent the request seeks a copy of the prime contract and any amendments or modifications related in any way to the work M.J. Electric performed or TSG's payment for any work performed by M.J. Electric, the information is relevant and discoverable. Accordingly, TSG's objections are

OVERRULED IN PART and TSG is ORDERED to provide a copy of its contract with IEM, and copies of any change orders, amendments or modifications of that contract that in any way relate to the work subcontracted to and/or performed by M.J. Electric and/or any payment or payment request related to same within 7 days.

REQUEST FOR PRODUCTION NO. 6:

Please produce all pay applications, invoices, or other requests that You submitted to IEM or any other Person related to the R3 Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case generally or to issues of class certification specifically. TSG further objects to this Request because it is vague, overly broad, unduly burdensome, harassing, and vexatious. TSG further objects because this Request calls for public information equally available to all parties to this action. Subject to these objections and the foregoing General Objections, TSG will produce non-privileged Documents consistent with this Request, pending the parties' agreement to search terms, custodians, and an electronic discovery protocol.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case. MJE pursues claims of breach of contract related to alleged nonpayment of invoices issued from MJE to TSG under Standard Contract Agreements dated December 17, 2019 and March 12, 2020. The Terms and Conditions of these Standard Contract Agreements state "Contractor is not bound by any terms found in the Company's prime agreement with IEM, who the Company has an agreement with to perform this work." TSG_00006-8. Thus, such claims do not depend in any way on pay applications, invoices, or other requests that TSG submitted to IEM or any other Person related to the R3 Program.

REQUEST FOR PRODUCTION NO. 8:

Please produce all Documents, Communications, notes, memoranda, accounting records, invoices, receipts, pay stubs, bank statements and/or other materials evidencing or related to payments that You have received that are related to the R3 Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

TSG objects to this Request because it seeks information that is cumulative of information already provided to MJE in response to the foregoing Requests, and on this

basis is unduly burdensome, harassing, and vexatious. TSG further objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case generally or to issues of class certification specifically. TSG further objects to this Request because it is vague, overly broad, unduly burdensome, harassing, and vexatious. TSG further objects because this Request calls for public information equally available to all parties to this action. Subject to these objections and the foregoing General Objections, TSG will produce non-privileged Documents evidencing payments TSG received under the R3 Program for work performed during the term of its agreement with MJE, pending the parties' agreement to search terms, custodians, and an electronic discovery protocol.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

TSG objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case. MJE pursues claims of breach of contract related to alleged nonpayment of invoices issued from MJE to TSG under Standard Contract Agreements dated December 17, 2019 and March 12, 2020. The Terms and Conditions of these Standard Contract Agreements state "Contractor is not bound by any terms found in the Company's prime agreement with IEM, who the Company has an agreement with to perform this work." TSG_00006-8. Thus, such claims do not depend in any way on Documents, Communications, notes, memoranda, accounting records, invoices, receipts, pay stubs, bank statements and/or other materials evidencing or related to payments that TSG has received that are related to the R3 Program.

Unlike Interrogatory No. 12 and more like Request for Production No. 5, Requests for Production Nos. 6 and 8 are not limited to documents related to work subcontracted to M.J. Electric. Rather, No. 6 seeks "all pay applications, invoices, or other requests" and No. 8 seeks "all Documents, Communications, notes, memoranda, accounting records, invoices, receipts, pay stubs, bank statements and/or other materials" related to the R3 Program, regardless of whether same involves TSG's own work, the work of other contractors, or M.J. Electric's work. Pay requests, invoices, receipts, pay stubs, and bank statements regarding TSG's own work or that of other subcontractors have no conceivable relevance to any claim or defense and is not proportional to the needs of the case. To the extent, however, same relates to work subcontracted to and/or performed by M.J. Electric, the information falls within the parameters of Rule 26.

11

Accordingly, TSG's objections are OVERRULED IN PART and TSG is ORDERED to provide copies of pay applications, invoices, and pay requests that in any way relate to the work subcontracted to and/or performed by M.J. Electric, as well as documents, communications, notes, memoranda, accounting records, receipts, pay stubs, bank statements and/or other materials that in any way relate to the work subcontracted to and/or performed by M.J. Electric within 7 days.

REQUEST FOR PRODUCTION NO. 13:

Please produce all Documents, communications, notes, memoranda, accounting records, invoices, receipts, bank statements, payment stubs, and/or other materials evidencing or related to payments that You have received related to MJ Electric's work on the R3 Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

TSG objects to this Request because it seeks information that is cumulative of information already provided to MJE in response to the foregoing Requests, and on this basis is unduly burdensome, harassing, and vexatious. TSG further objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case generally or to issues of class certification specifically. TSG further objects to this Request because it is vague, overly broad, unduly burdensome, harassing, and vexatious. TSG further objects because this Request calls for public information equally available to all parties to this action. Subject to these objections and the foregoing General Objections, TSG will produce non-privileged Documents and Communications consistent with this Request, pending the parties' agreement to search terms, custodians, and an electronic discovery protocol.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

TSG objects to this Request because it seeks information that is cumulative of Request for Production No. 8, and on this basis is unduly burdensome and harassing. TSG further objects to this Request because it seeks information that is neither relevant to Plaintiffs' claims nor proportional to the needs of the case. MJE pursues claims of breach of contract related to alleged nonpayment of invoices issued from MJE to TSG under Standard Contract Agreements dated December 17, 2019 and March 12, 2020. The Terms and Conditions of these Standard Contract Agreements state "Contractor is not bound by any terms found in the Company's prime agreement with IEM, who the Company has an agreement with to perform this work." TSG_00006-8. Such claims do not depend in any way on Documents, communications, notes, memoranda, accounting records, invoices, receipts, bank statements, payment stubs, and/or other materials evidencing or related to payments that TSG received related to MJ Electric's work on the R3 Program.

This Request seeks a subset of the documents sought through Request for Production Nos. 6 and 8. Unlike Request Nos. 6 and 8, this Request does not seek information regarding all payments that TSG received related to the R3 Program; rather, it seeks documents, communications, notes, memoranda, accounting records, invoices, receipts, bank statements, payment stubs, and/or other materials regarding only R3 Program payments *related to MJ Electric's work*. This Request does not capture information related to TSG's own work or work of other subcontractors. Information regarding TSG's requests and/or receipt of payments for M.J. Electric's work is directly relevant to M.J. Electric's claims and potential damages.

TSG has not established that the evidence sought could have no conceivable relevance to any pending claim or defense. Rather, the discovery bears on a pending claim within the parameters of Rule 26. Accordingly, TSG's relevance objection is OVERRULED. Likewise, the boilerplate "harassing" objection is OVERRULED. Considering the Court's modification of Requests for Production Nos. 6 and 8 to limit same to responsive documents that in any way relate to the work subcontracted to and/or performed by M.J. Electric, this Request is now duplicative of Requests Nos. 6 and 8. Accordingly, the cumulative objection is sustained. The information sought by Request No. 13 should already be produced in response to Request Nos. 6 and 8.

      B.      **The Laptop and Custodian Mojena's Emails**

M.J. Electric also seeks to compel production of ESI from a recovered laptop and Mojena's emails. ECF No. 41-1 at 3-4; No. 46 at 3. TSG argues that issue has not been addressed in a Rule 37 conference and that it is working to produce same. ECF No. 45 at 9.

During the hearing on the first motion to compel, TSG's counsel identified a newly discovered laptop. The Court instructed counsel to search same and either produce responsive documents or specify a firm date for delivery of same by November 20, 2024. ECF No. 40.

Further, the exhibits reflect numerous emails regarding ESI, and TSG indicated that all responsive documents would be produced by January 8, 2025.  ECF No. 45 at 9.

To the extent TSG has not produced all responsive documents located on the laptop or Mojena's emails by the specified January 8, 2025, date, TSG is hereby ORDERED to produce, within 7 days, all documents responsive to Plaintiff's discovery requests located through the search of the laptop and Mojena's emails.  Failure to do so will result in sanctions.

Whether there has been spoliation under Rule 37(e) is beyond the scope of this motion.

C. **Request for Attorneys' Fees**

The court has authority, in its discretion, to impose sanctions against a party who fails to cooperate in discovery.[25]  Rule 37 empowers the district court to compel compliance with discovery procedures through a broad choice of remedies and penalties.[26]  Under Rule 37, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[27]

---

[25] *Bell v. Texaco, Inc.*, 493 F. App'x 587, 592 (5th Cir. 2012).
[26] *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977); *see also Bivins v. Miss. Reg'l Hous. Auth. VIII*, 770 F. App'x 241, 242 (5th Cir. 2020) (per curiam) (affirming dismissal of complaint pursuant to Rule 37(b) for failure to comply with discovery orders despite multiple opportunities to do so); *Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 289, 290 (5th Cir. 2002) (upholding civil contempt order imposed as sanction for violation of a protective order)).
[27] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

"unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Although M.J. Electric was successful on the primary basis of the motion seeking information between IEM and TSG in any way related to M.J. Electric's work, it was not wholly successful on the motion. Given each parties' partial success on the motion, the Court declines to award costs and fees at this time. TSG is warned, however, that any further delay in providing full and complete responses as outlined herein will result in monetary sanctions.

### V.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Second Motion to Compel (ECF No. 41) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File (ECF No. 47) is DENIED AS MOOT.

New Orleans, Louisiana, this __10th__ day of January, 2025.

                                                DONNA PHILLIPS CURRAULT
                                                UNITED STATES MAGISTRATE JUDGE